IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                   CRIMINAL NO. 15-524 (SCC)(HRV)

[1] ANGEL MORALES-DE JESUS,

Defendant.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      INTRODUCTION**

Pending before the Court is the motion filed by *pro se* defendant Angel Morales-De Jesus (hereinafter "Mr. Morales-De Jesus") seeking a reduction of his sentence pursuant to the compassionate release statute—18 U.S.C. § 3582(c)(1)(A)(i). (Docket No. 1618). The government has opposed the motion (Docket No. 1706) and the defendant replied. (Docket No. 1722). The matter has been referred to me for report and recommendation. (Docket No. 1805). For the reasons outlined below, I recommend that defendant's compassionate release motion be DENIED.

**II.     PROCEDURAL HISTORY AND BACKGROUND**

For his role as a main leader of a drug-trafficking organization that operated in the municipality of Patillas, Puerto Rico, Mr. Morales-De Jesus was charged in a five-count Indictment on April 16, 2015. (Docket No. 3). The charges in the Indictment included conspiracy to possess with intent to distribute controlled substances in a

protected location in violation of 21 U.S.C. §§ 841(a), 846 and 860 (Count One). (*Id.*) He was also named in substantive counts of aiding and abetting the possession with intent to distribute crack, cocaine, and marijuana in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. (Counts Two, Three and Four). (*Id.*) Count Five of the Indictment charged the unlawful use and carrying of firearms during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

On September 15, 2016, Mr. Morales-De Jesus pleaded guilty to Counts One and Five of the Indictment (Docket Nos. 543, 545). As to Count One, the parties agree to stipulate the following sentencing guidelines calculation: a base offense level of 30 based on the possession with intent to distribute at least 5 but less than 15 kilograms of cocaine pursuant to U.S.S.G. § 2D1.1(c)(5). (Docket No. 543 at 5). The parties also stipulated a two-level enhancement for protected location under U.S.S.G. § 2D1.2(a)(1) and a two-level enhancement for role in the offense under U.S.S.G. § 3B1.1(c). (*Id.*) After subtracting three levels for acceptance of responsibility (U.S.S.G. § 3E1.1(a) and (b)), the total offense level agreed upon was a 31. The parties agreed to recommend to the Court a sentence of imprisonment of 120 month if the criminal history category determined was I, II, or III. Such term of imprisonment would run consecutive to the 60 months that the defendant would receive as to Count Five. (*Id.* at 5-6). The total sentence of imprisonment to be jointly recommended by the parties was 180 months (15 years).

The Court sentenced Mr. Morales-De Jesus on February 8, 2017, to a total term of imprisonment of 228 months (168 months as to Count One and 60 months as to Count Five), to be followed by 10 years of supervised release. (Docket Nos. 732, 733). In imposing a higher sentence than that recommended by the parties in the plea agreement,

the Court followed the recommendation of the probation officer that Mr. Morales-De Jesus qualified for a four (4)-level aggravating role as opposed to the two-level enhancement stipulated in the plea agreement. (*See* PSR, Docket No. 579; *see also* Sentencing Hearing Transcript, Docket No. 805). The First Circuit affirmed the sentence of Mr. Morales-De Jesus. United States v. Morales-De Jesus, 896 F.3d 122 (1st Cir. 2018). He is currently housed at the FCI Edgefield facility of the Bureau of Prisons ("BOP"), with an estimated release date of July 27, 2031.

On January 23, 2023, Mr. De Jesus-Morales filed the motion for compassionate release currently pending before the court. (Docket No. 1618). The government opposed on June 23, 2023. (Docket No. 1706). Mr. Morales-De Jesus replied on August 7, 2023. (Docket No. 1722). The matter was referred to me for report and recommendation on April 18, 2024. (Docket No. 1805).

### III.   APPLICABLE LAW AND DISCUSSION[1]

Mr. Morales-De Jesus asserts that extraordinary and compelling reasons warrant a reduction of his sentence to 180 months. First, he claims that his medical conditions

---

[1] Mr. Morales-De Jesus alleges that he requested from the warden of his facility that a compassionate release motion be filed on his behalf and that more than 30 days elapsed without the warden acting on said request. (Docket No. 1618 at 7). Defendant makes reference to an attachment C, but there is no attachment C. (Docket No. 1618-3). Therefore, I have no way of determining if Mr. Morales-De Jesus exhausted remedies, which is a requirement of 18 U.S.C. § 3182(1)(A). However, in its response in opposition, the government did not raise the issue of exhaustion, choosing instead to argue the merits of the compassionate release motion. (Docket No. 1706). I thus find that the government has waived any argument that defendant failed to exhaust remedies. *See United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022)("In our judgment . . . [the] exhaustion requirement is not a jurisdictional limitation . . . ."). As such, the government can waive it "either expressly or by failing to raise it as a defense." *United States v. Newton*, No. 17-cr-0073-JAW, 2023 WL 8529442; 2023 U.S. Dist. LEXIS 218588 (D. Me. Dec. 8, 2023)(citations omitted).

place him at a high risk of suffering serious consequences if he were to contract COVID-19.  Second, he claims that beyond the health risks associated with the COVID-19 pandemic, the conditions of confinement to address said emergency made his incarceration "harsher and more punitive." (Docket No. 1618 at 8).  Third, defendant argues that his extensive rehabilitation also establishes extraordinary and compelling reasons warranting a sentence reduction.  Fourth, it is contended by Mr. Morales-De Jesus that the inability to participate in programs that would reduce his sentence during the pandemic lockdowns is likewise an extraordinary reason warranting relief.  Lastly, defendant makes an argument that sounds like a mixed claim of ineffective assistance of counsel and a challenge to the knowing nature of his guilty plea premised on the fact that he thought he was agreeing to 180 months of imprisonment in his plea agreement but received a higher sentence.  This last argument assumes, mistakenly, that the reason he received a higher sentence had to do with his criminal history category computation *vis a vis* a case that he pleaded guilty to but for which he had not been sentenced at the state level.

In further support for his request for a reduced sentence, Morales-De Jesus avers that a balancing of the section 3553(a) factors counsel in favor of a sentence reduction. He highlights his educational efforts and conduct while serving his sentence at the BOP. And because he is not seeking release, just a sentence reduction, he argues that poses no threat to the community.  He requests a sentence reduction of 48 months.

The government responds that Mr. Morales-Jesus has failed to show the existence of extraordinary and compelling reasons because he has no health condition that cannot be adequately treated and managed by the BOP.  His general claim that he suffers from

a respiratory condition for being a heavy smoker and from obesity, says the government, is insufficient to warrant relief because he has been vaccinated. According to the government, there is a total absence of evidence in the record showing that the defendant suffers from chronic or serious medical conditions diminishing his ability to provide self-care within a correctional facility. Without addressing the other grounds the defendant advances to request compassionate release, the government argued that Mr. Morales-De Jesus has not shown he is not a danger to others or that the section 3553(a) factor counsel in favor of release. Finally, the government argues that the court lacks authority to order home confinement, although this not something that the defendant is requesting.

**A. Legal Framework**

The so-called compassionate release statute allows a court acting on a defendant-filed motion—as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce the term of imprisonment (and… impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i). This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

To grant a compassionate release motion, the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy

5

statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023).

With respect to the first prong—whether the reasons advanced by the defendant are extraordinary and compelling—the determination is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021). "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree . . . By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Prior to November 1, 2023, and because the Sentencing Commission had not issued an amended policy statement applicable to prisoner-initiated compassionate release motions, the First Circuit held that district courts had discretion to "consider any complex of circumstances raised by a defendant, as forming an extraordinary and compelling reason warranting relief." *United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022). Subsequently, in *United States v. Trenkler*, 47 F.4th 42, 47-48 (1st Cir. 2022), it was clarified that pursuant to the holding in *Ruvalcaba*, district courts "may conduct a holistic review to determine whether the individualized circumstances [of the defendant], taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release," including alleged sentencing errors.

The Sentencing Commission's policy statement regarding defendant-filed motions for compassionate release is now in effect. *See* U.S.S.G. § 1B1.13 (Nov. 1, 2023). Consequently, the court "must take heed of" the policy statement as noted in *United*

6

*States v. Rivera-Rodriguez*, 75 F.4th 1, 18 n.22 (1st Cir. 2023), and consider its scope in deciding what constitutes an extraordinary and compelling reason. *United States v. Quiros-Morales*, 83 F.4th at 84.

In the policy statement, the Sentencing Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id.*, § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id.* § 1B1.13(b)(4); a catch-all provision of any other reason or combination of reasons similar in gravity to those described in (1) through (4), *id.* § 1B.13(b)(5); and if the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6). With respect to medical circumstances, the policy statement provides in pertinent part that extraordinary and compelling reasons exist when:

> (B) The defendant is—
>
> (i)   suffering from a serious physical or medical condition,
>
> ****
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> ****

U.S.S.G. § 1B1.13.

**B. Analysis**

After careful consideration, I find that Mr. Morales-De Jesus has not established the existence of extraordinary and compelling reasons to warrant a reduction of his sentence. As to medical conditions, defendant reports that he is at risk of being severely affected in his health if he were to contract COVID-19 citing "respiratory issues resulting from being a heavy smoker and from obesity." (Docket No 1618 at 6). However, he submitted no medical records demonstrating the existence of such "underlying conditions." On the contrary, the medical records submitted by the government do not establish the existence of medical conditions that would necessarily place Mr. Morales-De Jesus at an increased risk of death or becoming seriously ill if infected with the COVID-19 virus. (Docket No. 1706-2). On the other hand, the medical records show, however, that defendant has been vaccinated. (Docket No. 1706-3). This fact alone compels a finding that Mr. Morales-De Jesus cannot prevail in this claim. *See United States v. Figueroa-Gibson*, No. 16-802 (RAM), 2024 WL 376432, 2024 U.S. Dist. LEXIS 21088 (D.P.R. Jan. 31, 2024)(denying compassionate release to a fully-vaccinated defendant who suffered from asthma.).

Moreover, it should be noted that "[w]hile COVID-19 is still a threat, the conditions that exist today are nothing like the extreme measures that were necessary at the beginning of the pandemic." *United States v. Fabian*, Cr. No. 21-00054-MSM-LDA, 2023 WL 8449453, 2023 U.S. Dist. LEXIS 216856, at *5 (D.R.I. Dec. 6, 2023); *see also United States v. Doe*, Cr. No. 18-10360-MLW, 2023 U.S. Dist. LEXIS 105316, at*2-3 (D. Mass. June 16, 2023)("The COVID-19 pandemic was extraordinary[;][h]owever, it no longer constitutes the emergency that it once did.") Since then, correctional facilities

have developed procedures to ameliorate the risk of infection, vaccines are readily available, and transmission within the prison population is relatively low.[2] *See United States v. Berrios-Cruz*, Criminal No. 12-0162 (GMM), 2023 WL 4838152, 2023 U.S. Dist. LEXIS 131366, at *9 (D.P.R. July 28, 2023)(noting that as pandemic conditions evolved, factors that satisfied the extraordinary and compelling standard at the beginning of it, were less likely to satisfy the standard today, particularly with the widespread availability of vaccines.).  Simply put, nothing in the record comes close to showing that any medical condition of Mr. Morales-De Jesus is being mishandled by the BOP, or substantially interfering with his ability to provide self-care.  Furthermore, the fact that defendant is not requesting release, but rather a reduction in sentence, diminishes the force of his argument.  At bottom, Mr. Morales-De Jesus is really seeking to obtain the benefit of what he bargained for in his plea agreement but did not obtain due to the sentencing judge following the guidelines calculation contained in the PSR.[3]

      None of the other reasons listed by Mr. Morales-De Jesus move the needle to the extraordinary and compelling level individually or in combination.  For instance, conditions of confinement during the pandemic, including lack of programming, do not constitute extraordinary and compelling reasons. *United States v. Stevens*, 459 F. Supp.

---

[2] Statistics from the BOP show the majority of the facilities at zero (0) cases.  The facility with the highest number of open COVID-19 cases is at 7, out of a prison population of 1,025 inmates. *See* BOP Statistics: Inmate COVID-19 (last visited May 20, 2024).

[3] Mr. Morales-De Jesus is mistaken in his assertion that he received a higher sentence due to an increase in his criminal history category.  He believes he was sentenced as a criminal history category IV. (Docket No. 1618 at 3).  The record shows otherwise.  He was sentenced under a criminal history category III. (Docket Nos. 858, 805).  What made a difference, again, was the aggravating role enhancement that increased the total offense level from 31 to 33.

3d 478, 487 (W.D.N.Y. 2020). Likewise, rehabilitation efforts and good conduct while in prison fall short of being extraordinary or compelling. *See United States v. Chavez*, 534 F. Supp. 3d 176, 178 (D. Mass. 2021). In fact, the policy statement of the Sentencing Commission specifically prohibits rehabilitation, by itself, in the extraordinary and compelling reasons calculus. *See* U.S.S.G. § 1B1.13(d); *see also United States v. Malpica-Garcia*, Criminal No. 04-217 (ADC)(HRV), 2024 WL 1172769, 2024 U.S. Dist. LEXIS 51793 at *7 (D.P.R. Mar. 19, 2024).

Finally, assuming *arguendo* the existence of extraordinary and compelling reasons, I find that a modification of Mr. Morales-De Jesus sentence would be inconsistent with the § 3553(a) factors and that he continues to be a danger to others in the community. The seriousness of the offense, the need to provide just punishment, the need to protect the public, and the need to promote deterrence and respect for the law, weigh heavily against a reduction of sentence. *See United States v. Martinez*, No. 2:18-cr-00089-JAW, 2023 WL 3305674, 2023 U.S. Dist. LEXIS 79444 at *29 (D. Me. May 8, 2023). Mr. Morales-De Jesus was not just any member of the drug conspiracy; he was the main leader. Additionally, he admitted to using and carrying firearms during and in relation to the drug trafficking crime. And the record reflects that he has a criminal history that includes arrests and convictions for threats, assault, weapons law violations and domestic violence, among others. (Docket No. 658).

## IV.     CONCLUSION

In view of the above, I recommend that the defendant's motion for sentence reduction at Docket No. 1618 be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 20th day of May, 2024.

S/Héctor L. Ramos-Vega  
HÉCTOR L. RAMOS-VEGA  
UNITED STATES MAGISTRATE JUDGE